ADDISON WILEY and wife v. A. W. LINEBERRY and others.

*Statutory Presumption of Payment—Insolvent Debtor.*

1. Where an insolvent debtor executed a deed in trust conveying land to secure a creditor, and in an action to prevent the sale of the land, the issue was whether the debt had been paid, it was held competent for the debtor to show the value of the land conveyed, to sustain the statutory presumption of payment.

2. Whatever effect the insolvency may have upon other creditors, it cannot avail the creditor in this case who has a security for the debt, for as to him the debtor is not insolvent.

(*Blake* v. *Lane,* 5 Jones' Eq., 412; *Walker* v. *Wright,* 2 Jones, 155, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of GUILFORD Superior Court, before *Shipp, J.*

This action was brought to enjoin the defendant James Sloan from selling certain lands conveyed to him, as trustee, by the plaintiffs. The facts are stated in the opinion of this court. There was judgment for defendants, from which the plaintiffs appealed. (The appeal not being perfected, the plaintiffs applied for and obtained a writ of *certiorari*. See *Wiley* v. *Lineberry*, 88 N. C., 68).

*Messrs. Dillard & Morehead*, for plaintiffs.
*Messrs. Scott & Caldwell*, for defendants.

SMITH, C. J.   The plaintiffs, by their deed of August 20, 1853, conveyed the land mentioned in the complaint, and which belonged to the wife, to the defendant Sloan, in trust to secure a bond executed by the husband about the same time to John A. Gilmer for the sum of $168.10, due on August 30th.

The concluding clause in the deed provides that in case a sale shall be made in order to the discharge of the trust, the residue of the moneys thus raised and not required for that purpose, if any, shall be paid over "to the said Addison Wiley or his assigns," but if he shall pay the secured debt and all expenses incident to the performance of the trusts, without such sale, then "this deed shall become null and void, and the said James Sloan shall, upon the request of the said Addison Wiley, reconvey said property to him in fee simple."

The bond has since been assigned by the payee to the defendant A. W. Lineberry.

The trustee being required to sell the land, and about to do so, the present suit was instituted on March 22, 1880, for the purpose of preventing the sale, upon an allegation that the secured debt had been paid, and demanding the surrender of the bond and cancellation of the deed, or other appropriate relief.

A single issue, drawn up at spring term, 1882, as embodying the substantial matter in controversy, without exception, or the suggestion of any others, was submitted to the jury at the term following, in these words:

" Have the debt and mortgage described and referred to in the pleadings been paid?"

The jury, under the charge of the court, responded in the negative, and the exceptions before us in the record are to the rulings of the court upon the trial.

To repel the presumption of payment raised by the lapse of time under the statute, the defendants introduced evidence that the plaintiff Addison resided and cultivated crops with the defendant Lineberry, during the period of the civil war; of his utter and continuous insolvency since making the deed; and further, that the said Addison had recognized the debt as subsisting, by an offer to pay it in Confederate currency, while it was in use; had made a small payment on it in 1869; and expressly admitted the obligation within two or three years before the trustee advertised the land for sale.

The surety to the bond who executed it with the principal, his father, examined for the defendants, testified that he had not paid it, and on his cross-examination said that the defendant, Lineberry told him in January, 1870, that the plaintiff Addison had paid the debt, and when he had finished certain work in which he was then employed for said Lineberry, he would have overpaid it.

The plaintiffs' counsel, to sustain the statutory presumption, further proposed to inquire of a witness the value of the land conveyed, and on objection, was not permitted to offer the proof.

The sole inquiry before the jury was as to the discharge of the debt and the security given, and on the one side was the presumption aided by the declarations of the assignee and owner of the bond; and on the other the insolvency and admissions of the principal debtor, with his offer to pay in Confederate money.

This evidence was to be weighed and passed on by the jury in determining the fact in dispute.

The debtor's insolvency was a material circumstance in the inquiry, and certainly it was competent to meet this by showing that the creditor had, in the security provided by the debtor, a

2

fund in his own hands and under his own control from which his debt could at any time be made. Whatever effect the insolvency might have upon the delay of other creditors to take steps to enforce their claims, it cannot avail this creditor as an excuse for his long inaction, since as to him the debtor may not have been insolvent, and the force of the statute thus unimpaired.

Thus, insolvency of a mortgagor of slaves to secure a debt, when the mortgagee had the means of payment under the security given, was held not to repel the presumption arising from lapse of time in *Blake* v. *Lane*, 5 Jones' Eq., 412, and the same ruling was made in *Walker* v. *Wright*, 2 Jones, 155, cited in the argument for appellant.

In the conflicting evidence, as to actual payment, aside from the legal presumption, the possession by the trustee of a fund under the creditor's control and which the trustee was bound to appropriate at his instance to the discharge of the debt, and its sufficiency for that purpose, was an important element to be considered by the jury in arriving at their verdict, and ought not to have been withheld from their hearing. Whether it would have turned the scale, it is not for us to inquire; and it is enough for us to say that it was error in excluding the evidence, for which the plaintiffs are entitled to a new trial.

This dispenses with the necessity of our passing upon the other exceptions.

There is error and a *venire de novo* is awarded. Let this be certified.

Error.                              *Venire de novo.*